DUTCHER *v.* REES.

1. AUTOMOBILES—PASSENGERS—SOCIAL RELATIONSHIP—TRANSPORTATION FOR HIRE.

Record in action for injuries, sustained while plaintiff was a passenger in defendant's car, disclosed merely a social relationship between them and not a transportation for hire, where after defendant's brother had solicited transportation from city in which the parties all were to plaintiff's home town, some 3 miles distant, and defendant agreed thereto, plaintiff gave the brother 50 cents and the latter placed a dollar bill in defendant's pocket without latter's knowledge (CL 1948, § 256.-29).

2. SAME—TRANSPORTATION FOR HIRE—INDUCEMENT.

A mere incidental benefit resulting to the driver from the transportation in his car is not sufficient to enlarge his liability, as

---

REFERENCES FOR POINTS IN HEADNOTES

[1–3] 5 Am Jur, Automobiles § 239.
[1–3] Who is guest within contemplation of statute regarding liability of owner or operator of motor vehicle for injury to guest. 82 ALR 1365; 95 ALR 1180.
[1–3] Payments or contributions by or on behalf of automobile rider as affecting his status as guest. 10 ALR2d 1351.
[1–3] Paying or sharing cost of gas and oil on pleasure trip as affecting status as a guest within automobile guest statute. 155 ALR 575.
[1–3] Guest statute as applicable to member of family riding in car driven by another member. 2 ALR2d 932.
[1–3] Host and guest relationship, within statute or rule regarding liability of driver or operator of motor vehicle for injury to guest, as between parties to "share-a-ride" arrangement. 146 ALR 640; 161 ALR 917.
[1–3] Commencement and termination of host and guest relationship within statute or rule as to liability for injury to automobile guest. 146 ALR 682.
[1–3] Scope and application of exceptions as regards carrying passengers in policies of automobile insurance. 95 ALR 150; 118 ALR 393; 147 ALR 632.
[4] 5 Am Jur, Automobiles §§ 240, 241.
[4] What constitutes gross negligence, recklessness, or the like, within statute limiting liability of owner or operator of automobile for injury to guest. 74 ALR 1198; 86 ALR 1145; 96 ALR 1479.

the benefit must have been given as consideration for the transportation and, in some degree at least, have induced the defendant to extend the offer.

3. SAME—TRANSPORTATION FOR HIRE.
   Benefits which may be regarded as merely gratuitous gestures of reciprocal hospitality, or social amenities extended without thought of bargaining are not payment or compensation for transportation by car.

4. SAME—PASSENGERS—GUESTS—GROSS NEGLIGENCE.
   Judgment against defendant motorist in favor of plaintiff passenger cannot stand, where plaintiff was clearly a guest passenger as a matter of law and trial judge found as a matter of law that defendant was not guilty of gross negligence (CL 1948, § 256.29).

Appeal from Shiawassee; Lyons (Willis L.), J. Submitted June 8, 1951. (Docket No. 66, Calendar No. 45,152.) Decided September 5, 1951.

Case by Harvey Dutcher against Orin Rees for injuries sustained in an accident. Verdict and judgment for plaintiff. Defendant appeals. Reversed and remanded for entry of judgment for defendant.

*Ralph B. Hoschner,* for plaintiff.

*Michael Carland,* for defendant.

BUSHNELL, J. Plaintiff Harvey Dutcher and Eugene Rees spent an entire evening together in various bars and taverns in Owosso, Michigan. During the course of the evening Eugene introduced Dutcher to his brother, defendant Orin Rees. Sometime during the evening Eugene, who was employed by the city of Owosso, borrowed Orin's car in order to place lights around some construction work. After midnight the 2 again met Orin in a restaurant and Eugene asked Orin to take him and Dutcher home to Corunna, because by that time the buses

from Owosso to Corunna had stopped running.
Orin replied: "I am busy now. I will a little later
on."

Dutcher testified that after Eugene had told him
that Orin would drive them home, he gave 50 cents
to Eugene, saying, "give this to Orin to help him
pay for the gas." Eugene replied: "It is a good idea.
I'll pay a dollar for gasoline for me using the car."
About a half hour later, Orin said: "I am ready to
go if you are ready to go, let's get out of here."
Eugene testified that as they walked across the street
to Orin's car, he put a dollar bill into Orin's coat
pocket, but said nothing to him about it. The acci-
dent out of which Dutcher's injuries arose occurred
just inside the westerly city limits of Corunna, about
3 miles from Owosso.

At the trial when plaintiff concluded his proofs,
defendant moved for a directed verdict on the
grounds of absence of any proof that plaintiff was a
passenger for hire, and his failure to show gross
negligence. The trial judge reserved decision say-
ing, in effect, that the existence of a guest-passenger
relationship in this case was a question of fact for the
jury.

Defendant made an opening statement and then
rested. The court then ruled that defendant was not
guilty of gross negligence as a matter of law and
removed that question from the consideration of
the jury. After the trial judge charged the jury, he
submitted the following special question at the
request of the defendant:

"Do you find from the evidence that the plaintiff
was a passenger for hire as the result of an express
contract between himself and the defendant whereby
the defendant agreed to transport the plaintiff from
Owosso to Corunna in consideration of the payment
of money by the plaintiff to the defendant?"

The record does not show the jury's answer to the question, but merely states:

"The jury returned a verdict in favor of the plaintiff in the amount of $2,938.10."

The judgment as entered in the journal recites that the jury found "that the said defendant was guilty in manner and form as the plaintiff has in his declaration in this cause alleged."

Defendant's brief is confined to the single question of whether plaintiff was a "guest passenger as a matter of law."

Plaintiff says the real question involved is:

"Were there sufficient facts and circumstances to justify a determination by a jury of whether plaintiff and appellee was a guest passenger or a passenger for hire?"

The record discloses merely a social relationship comparable to that in *Bushouse* v. *Brom,* 297 Mich 616. Although that case was decided under the law of Virginia, this Court pointed out that the law of that State is the same as that in Michigan. There, as here—"it was clearly the friendship and social relation of these parties which resulted in plaintiff going on the trip with defendant. It was not a commercial arrangement or one in which the owner or driver of the automobile was induced to transport a passenger for an agreed consideration."

The applicable rule is well stated in 10 ALR2d, at page 1354:

"The courts generally concur in holding that a mere incidental benefit resulting to the driver from the transportation is not sufficient to enlarge his liability, but that the benefit must have been given as consideration for the transportation and, in some degree at least, have induced the defendant to extend the offer. So, benefits which may be regarded

as merely gratuitous gestures of reciprocal hospitality, or social amenities extended without thought of bargaining, have been held not to be payment or compensation."

See, also, *In re Harper's Estate,* 294 Mich 453, 456; *Brody* v. *Harris,* 308 Mich 234 (155 ALR 573); and *Herman* v. *Metal Office Furniture Co.,* 317 Mich 185.

The fact that Dutcher and Orin Rees had not met each other until the evening in question does not in itself make the tender of a ride a commercial transaction. There is no testimony to indicate that Orin knew that Dutcher was paying him for the short ride home with his brother Eugene. Furthermore, Orin agreed to give Dutcher and Eugene a ride before any offer of compensation was made by Dutcher to Eugene.

As a matter of law, Dutcher was clearly the guest of Orin Rees. The trial court, having held that Rees was not guilty of gross negligence as a matter of law,[*] the judgment against him cannot stand.

The judgment is vacated and the cause is remanded for the entry of a judgment of no cause of action in favor of defendant. Costs to appellant.

Reid, C. J., and Boyles, North, Dethmers, Butzel, Carr, and Sharpe, JJ., concurred.

---

[*] See CL 1948, § 256.29 (Stat Ann § 9.1446).—Reporter.