BURGESS. v. HOLDER.

1. AUTOMOBILES — NEGLIGENCE — PAYING PASSENGER — EXCLUSION FROM COVERAGE BY INSURANCE.

Plaintiff, an injured passenger in defendant's automobile, who recovered judgment against defendant for injuries received as the result of his negligence while driving the car in which she was riding with him and his wife to their mutual place of employment and for which transportation she had paid a specified sum per day was not entitled to recover in garnishment from his insurer under policy excluding coverage where automobile was "used for the transportation of passengers for a specific charge," since plaintiff was estopped from taking a position in the garnishment case that was inconsistent to her position in the principal action (CL 1948, §§ 628.11, 628.12).

2. ESTOPPEL—GARNISHMENT—INSURANCE—AUTOMOBILES.

Passenger recovering judgment against automobile driver on theory that she was paying for her transportation at time she was injured is estopped from recovering in ancillary garnishment proceeding on insurance policy which expressly excludes from its terms damages arising while carrying passengers for "a specific charge" (CL 1948, §§ 628.11, 628.12).

Appeal from Wayne; McCree (Wade H.), J. Submitted October 7, 1960. (Docket No. 48, Calendar No. 48,270.) Decided December 2, 1960.

Case by Lola Burgess against Norman Holder for personal injuries sustained while a passenger in defendant's automobile resulted in judgment for plaintiff. Garnishment proceedings against insurer, Detroit Mutual Automobile Insurance Company, a

REFERENCES FOR POINTS IN HEADNOTES
[1, 2] 4 Am Jur, Attachment and Garnishment § 312.

Michigan corporation, defended on policy exclusion. Judgment for garnishee defendant *non obstante veredicto.* Plaintiff appeals. Affirmed.

*Cary, BeGole & Martin* (*William A. Joselyn,* of counsel), for plaintiff.

*Willans, Frisbee & Ryal* (*Robert M. Petteys,* of counsel), for garnishee defendant.

EDWARDS, J. Plaintiff recovered a judgment for $10,000 against defendant. The damages were awarded by a jury for her injuries in an automobile accident resulting from defendant's negligent driving of the car in which she was riding with him and his wife to their mutual place of employment.

In that action plaintiff's declaration met the guest passenger issue by alleging that on the day of the accident and the days preceding she "had been a passenger paying a stipulated sum to the defendant." The pretrial statement included this phrase, "It is conceded that the woman plaintiff paid the defendant a specified sum per day for transporting her to her employment." The jury in the case answered in the affirmative a special question, "Was plaintiff, Lola Burgess, a passenger for hire in defendant's automobile?"

The judgment was not satisfied and plaintiff thereupon filed the instant garnishment action against Detroit Mutual Automobile Insurance Company. The insurance company filed a disclosure showing no indebtedness. At trial of the statutory issue (CL 1948, §§ 628.11, 628.12 [Stat Ann and Stat Ann 1959 Cum Supp §§ 27.1865, 27.1866]), the insurance company relied upon an exclusion clause in its policy providing:

"The company shall not be liable for any loss or claim arising while the automobile shall be rented

or used for the transportation of passengers for a specific charge."

Plaintiff in this second proceeding took the position in her affidavit for garnishment after judgment that she "was not, in any manner, being transported for a 'specified charge.' "

After taking a motion for directed verdict under advisement under the Empson act,* the trial judge submitted the case to the jury which returned a verdict for plaintiff for $5,000—the amount of the policy limits.

On motion for judgment *non obstante veredicto,* the trial judge set the jury verdict aside and entered judgment for defendant. He based his decision on the grounds that when plaintiff had taken a position in the first case which would exclude her recovery against the defendant insurance company, she was estopped from taking an inconsistent position in the second case.

The principle of law relied upon by the trial judge is supported by much authority. *Michaelson* v. *Simula,* 264 Mich 457; *Rodgers* v. *Mikolajczak,* 361 Mich 61; Bigelow on Estoppel (6th ed), pp 732, 783, 789.

The exclusion clause in the instant case did not contain the same language "public or livery conveyance," as was used in the cases principally relied on in appellant's brief, *Wood* v. *Merchants Insurance Co.,* 291 Mich 573, and *Allor* v. *Dubay,* 317 Mich 281. This type of clause came into more common insurance use during World War II to provide a policy covering share-the-ride arrangements. Under it, the insurer is generally held to avoid liability only when the insured vehicle was in fact used as a *public* conveyance. *Warren* v. *Royal Exchange Assurance Co.* (Mo App), 205 SW2d 744; annotation 30 ALR2d

---

* CL 1948, § 691.691 *et seq.* (Stat Ann and Stat Ann 1957 Cum Supp § 27.1461 *et seq.*).—REPORTER.

273. But where, as here, the policy excludes liability "while the automobile shall be rented or used for the transportation of passengers for a specific charge," or with a similar clause of substantially identical import, the insurer has generally been found not liable. *Michaelson* v. *Simula, supra; Myers* v. *Ocean Accident & Guarantee Corporation* (CCA 4), 99 F2d 485. Under this language, the exclusion clearly covers a case where proofs show that the passenger paid a definite amount. This, Mrs. Burgess did.

Affirmed. Costs to appellee.

DETHMERS, C. J., and CARR, KELLY, SMITH, BLACK, KAVANAGH, and SOURIS, JJ., concurred.