## DEUEL v. SMOLBROOK.

1. GARNISHMENT—AUTOMOBILE INSURANCE—UNINSURED MOTORIST—
   ESTOPPEL.

> Plaintiff motorist who recovered a consent judgment against defendant motorist in action arising out of collision and thereafter had issued a writ of garnishment against defendant's insurer was not estopped as a matter of law from recovery against latter by reason of having given a release to plaintiff's own insurer wherein it was represented that defendant was uninsured and that plaintiff had a claim for damages against his own insurer under an uninsured motorist clause, since there has been no judicial determination, the issue of the continuing liability of the garnishee insurer under the circumstances being one of fact.

2. ELECTION OF REMEDIES—AUTOMOBILE INSURANCE—GARNISHMENT.

> Plaintiff motorist was not barred by election of remedies from seeking recovery from defendant motorist's insurer by reason of inconsistent position taken with plaintiff's own insurer, since plaintiff's nonjudicial settlement with his insurer did not constitute an abandonment of his rights, if any, against the defendant motorist's insurer, garnishee defendant.

Appeal from Wayne; Culehan (Miles N.), J. Submitted January 10, 1964. (Calendar No. 16, Docket No. 50,346.) Decided April 6, 1964.

Case by William Deuel against Ethel Margaret Smolbrook, administratrix of the estate of Frank J. Smolbrook, deceased, for personal injuries sustained in automobile collision, resulted in judgment for

REFERENCES FOR POINTS IN HEADNOTES

[1] 7 Am Jur 2d, Automobile Insurance §§ 135–138.
  19 Am Jur, Estoppel § 72 *et seq.*
[2] 18 Am Jur, Election of Remedies § 16 *et seq.*

plaintiff. On garnishment proceedings against All-state Insurance Company, a foreign corporation, summary judgment was granted garnishee defendant and writ was dismissed. Plaintiff appeals. Reversed and remanded.

*Lee C. McManus,* for plaintiff.

*Garan, Lucow & Miller (Albert A. Miller,* of counsel), for garnishee defendant.

Souris, J. This is an appeal from the circuit judge's denial of plaintiff's motion for new trial. Plaintiff had instituted suit against defendant Smolbrook in the Wayne circuit court for injuries arising out of an automobile collision, which suit was settled by entry of a consent judgment in plaintiff's favor on August 10, 1962. Thereafter plaintiff had issued a writ of garnishment against defendant Allstate. After Allstate filed a disclosure denying liability, plaintiff filed a demand for jury trial of the issue framed thereby, and, shortly thereafter, a motion, supported by affidavit, for entry of judgment against Allstate. In this motion plaintiff alleged that Smolbrook was insured by Allstate and that Allstate had paid for Smolbrook's property damage but had refused to pay for plaintiff's personal injuries.

Allstate's answer to plaintiff's motion for entry of judgment admitted that Allstate had issued an insurance policy to Smolbrook before the accident and had paid Smolbrook for damage to his vehicle. However, Allstate alleged that Smolbrook had answered falsely 1 of the questions on his application,[1] and

---

[1] The question, answered negatively, was: "Have you or anyone in your household ever been sent notice of cancellation or refusal, or given notice of intention to cancel or refuse, any insurance similar to that applied for?" The application date was June 18, 1960, and Allstate alleged that on June 14, 1960 Smolbrook had been given a notice of cancellation by the Detroit Automobile Inter-Insurance Exchange.

that as soon as Allstate discovered this fact it wrote Smolbrook canceling his policy *ab initio* and returning the premiums which had been paid.[2]   As an affirmative defense Allstate alleged that plaintiff had recovered for his personal injuries from *his* insurer on the basis that Smolbrook was an uninsured motorist.   Allstate claimed that, this being so, plaintiff was estopped to assert a claim against it as Smolbrook's insurer.[3]

Thereafter Allstate, too, filed a motion for summary judgment repeating the allegations contained in its answer to plaintiff's motion for entry of judgment.   Plaintiff filed an answer to Allstate's summary judgment motion in which he alleged that he only made claim against his insurer after he had been "misled" by Allstate, but included no facts to demonstrate how he was misled.

It was at this point that summary judgment in favor of defendant was granted.   Plaintiff took this appeal after denial of his motion for new trial.

Judge Culehan's opinion denying plaintiff's motion for new trial states that "plaintiff is estopped from proceeding having elected his remedy, and having been paid thereon."

Plaintiff is not estopped from proceeding against Allstate.   The cases cited by appellee are not in point, since they involved a plaintiff's assertion at trial of a position inconsistent with his position in

---

[2] The letter was dated January 6, 1961.   The accident had occurred on December 8, 1960, and it was in the interim that Allstate paid Smolbrook for his property damage.   It is of interest to note that Allstate did not take credit against the premiums it returned to Smolbrook for the amount it had paid him for property damage.

[3] Plaintiff signed a release, 1 clause of which stated:

"Whereas, the undersigned represents that because of bodily injuries to (1) William G. Deuel and (2) _____ and (3) _____ sustained in an accident with an uninsured motorist on or about the 8th day of December, 1960, he/she has a claim for damages against the Detroit Automobile Inter-Insurance Exchange under the provisions of the policy above described".

a prior judicial or quasi-judicial proceeding.[4] In this case of Deuel, the pleadings have framed as an issue of fact Allstate's continuing liability as insurer of Smolbrook.[5] Plaintiff's receipt given to his insurer representing that Smolbrook was uninsured, does not bind him, by estoppel or otherwise, on this factual issue in this suit against Allstate. It is for the fact finder to determine such issue, and as yet no fact finder has passed upon it.

Equally without foundation is the holding that plaintiff is barred by an election of remedies. The only cases cited by appellee on this point involve a plaintiff accused of acting inconsistently towards a defendant with whom he had contracted by first seeking judicial recovery under the contract and subsequently seeking such recovery upon a theory of rescission. It is sufficient to say that in the instant case plaintiff's nonjudicial settlement with his insurer did not constitute an abandonment by him of his rights, if any, against defendant Allstate.[6]

Reversed and remanded. Costs to plaintiff.

KAVANAGH, C. J., and DETHMERS, KELLY, BLACK, SMITH, O'HARA, and ADAMS, JJ., concurred.

---

[4] *E. g.*, in *Burgess* v. *Holder*, 362 Mich 53, plaintiff had recovered, in an auto negligence suit, a judgment against defendant which had been based upon a jury-found fact that plaintiff had been a passenger for hire. In the action on appeal plaintiff was suing defendant's insurer and sought to maintain that she had not been a passenger for hire. That, of course, was not allowed. Similarly, in *Morris* v. *Ford Motor Company*, 320 Mich 372, plaintiff had been unsuccessful before the workmen's compensation appeal board. The court concluded that plaintiff, having maintained before that board that his injury arose out of and in the course of his employment, could not subsequently sue at law upon an inconsistent theory.

[5] This was admitted by Allstate, in its brief on appeal:

"Needless to say, Allstate concedes that, in the absence of the *legal issue* of election of remedies and estoppel, the issue of the right of Allstate to cancel *ab initio* would be a question of fact upon the trial of the statutory issue."

[6] The record discloses that plaintiff's insurer waived subrogation rights which otherwise might have arisen as a result of its payment to plaintiff under terms of his policy. We are not concerned in this case, of course, with the respective rights of plaintiff and his insurer.