THOMAS v TOMCZYK

GASS v MICHIGAN EDUCATIONAL EMPLOYEES MUTUAL
INSURANCE COMPANY

Docket Nos. 74393, 75955. Submitted December 4, 1984, at Lansing.—
Decided March 7, 1985.

David Thomas, Thomas Gass, and Michael Tomczyk, all students at Michigan Technological University, were injured in an automobile accident as they were on their way home to the Flint area for the Christmas, 1981, holidays. David Thomas and Thomas Gass had responded to a public notice posted by Michael Tomczyk that for $25 he would provide round-trip transportation to the Flint area. The automobile Michael Tomczyk was driving was insured by Michigan Educational Employees Mutual Insurance Company (MEEMIC). Morris Thomas and David Thomas filed suit in Genesee Circuit Court against Stan Tomczyk, Michael Tomczyk, MEEMIC, and others seeking payment of no-fault benefits from MEEMIC, despite the fact that the Thomases' own insurers had already covered the losses and medical bills. Thomas Gass also filed suit against MEEMIC in Genesee Circuit Court alleging the same facts and a similar right to recovery from MEEMIC as had the Thomases. Plaintiffs in the two cases argued that MEEMIC should pay the benefits because at the time of the accident David Thomas and Thomas Gass were passengers in a motor vehicle operated in the business of transporting passengers. The court, Judith A. Fullerton, J., granted summary judgment in both cases in favor of MEEMIC, holding that David Thomas and Thomas Gass were not passengers of a motor vehicle operated in the business

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 7 Am Jur 2d, Automobile Insurance §§ 340, 353.

Construction and application of "automatic insurance" or "newly acquired vehicle" clause ("replacement," and "blanket," or "fleet" provisions) contained in automobile liability policy. 39 ALR4th 229.

Validity and construction of no-fault automobile insurance plans. 42 ALR3d 229.

[2] 7 Am Jur 2d, Automobile Insurance § 106.

Carpool or share-the-expense arrangement as subjecting vehicle operator to regulations applicable to carriers. 51 ALR2d 1193.

of transporting passengers. Plaintiffs filed separate appeals. While the appeals were not consolidated, they were considered together. *Held:*

Under the no-fault act, a person injured in an automobile accident is generally required to seek compensation from his own no-fault insurer even where his insured vehicle was not involved in the accident. An exception to that rule is provided where, at the time of the accident, the injured person was an operator or passenger of a motor vehicle operated in the business of transporting passengers. Under those circumstances, the insurer of the commercial vehicle must pay no-fault benefits to the injured person. The exception does not apply where college students pay other college students for the privilege of carpooling home for the holidays.

Affirmed.

1. INSURANCE — AUTOMOBILES — NO-FAULT INSURANCE — COMMERCIAL PASSENGER CARRIERS.

   A person injured in an automobile accident is generally required to seek compensation from his own no-fault insurer even where that person's insured vehicle is not involved in the accident; an exception to that rule applies where the person injured was the operator or a passenger of a motor vehicle operated in the business of transporting passengers, in which case the insurer of the commercial vehicle involved must pay the personal protection insurance benefits to the injured person (MCL 500.3114[2]; MSA 24.13114[2]).

2. INSURANCE — AUTOMOBILES — NO-FAULT INSURANCE — CARPOOLING.

   College students who pay other college students for the privilege of carpooling home for the holidays must seek compensation from their own no-fault insurers for injuries suffered in an automobile accident during the trip; a vehicle engaged in such infrequent carpooling endeavors is not a motor vehicle operated in the business of transporting passengers within the meaning of the no-fault provision that a person suffering accidental bodily injury while an operator or a passenger of a motor vehicle operated in the business of transporting passengers shall receive the personal protection insurance benefits to which the person is entitled from the insurer of the motor vehicle (MCL 500.3114[2]; MSA 24.13114[2]).

*Bennet S. Engelman,* for Morris Thomas and David Thomas.

*Ronald H. Ring,* for Thomas Gass.

*Mary L. Baumgartner,* for defendants.

Before: J. H. GILLIS, P.J., and M. J. KELLY and K. N. SANBORN,* JJ.

PER CURIAM. Morris and David Thomas appeal as of right and Thomas Gass appeals by leave granted from an order of summary judgment dismissing their claims for no-fault benefits under a policy issued by Michigan Educational Employees Mutual Insurance Company (MEEMIC). While these cases have not been formally consolidated at trial or on appeal, we nevertheless consider them together because they involve the same issues of law, the same facts and the same order of summary judgment.

On December 18, 1981, David Thomas and Thomas Gass were injured in an automobile accident while riding as passengers in an automobile driven by defendant Michael Tomczyk and insured by MEEMIC. All three youths were students at Michigan Technological University in Houghton and were on their way home to the Flint area for the holidays. It is undisputed that they were previously unacquainted with each other and that Thomas and Gass had responded to a notice posted by Tomczyk on the "student ride board". Each paid Tomczyk $25 for a round-trip ride.

Thomas and Gass were insured under other no-fault policies, both of which contained coordination of benefits clauses. MCL 500.3109a; MSA 24.13109(1). Losses and medical bills incurred as a result of the accident were covered by their own medical carriers and any excess medical benefits were paid by their no-fault insurers. Plaintiffs

---

* Circuit judge, sitting on the Court of Appeals by assignment.

argue, however, that no-fault benefits should have been paid under the policy issued by MEEMIC for Tomczyk's vehicle because, at the time of the accident, plaintiffs were passengers in a "motor vehicle operated in the business of transporting passengers". MCL 500.3114(2); MSA 24.13114(2).[1] The trial court disagreed and granted summary judgment in favor of MEEMIC.

Given the comments of the trial court at the hearing on MEEMIC's motion[2] and the absence of a supporting affidavit accompanying MEEMIC's motion, it is not entirely clear to us that the trial court properly conducted the proceeding below as a hearing on a motion for summary judgment under GCR 1963, 117.2(3). However, plaintiffs do not appeal on, or challenge the nature of, that proceeding, and we decline to address the problem *sua sponte.* Instead, we review the trial court's written order, clearly framed as an order of sum-

---

[1] Apparently, Tomczyk's no-fault policy did not contain a coordination of benefits clause. Plaintiffs would thus have received a windfall double recovery had they been able to collect under that policy. MEEMIC relies upon Michigan's public policy against double recovery in support of its position. We find that policy argument irrelevant to the real issue raised in this appeal. While it is true that the transporting car in this case is insured under a noncoordinated policy and the injured passengers are insured under coordinated policies, it is just as likely that in the next carpooling situation the reverse will be true. MEEMIC's construction of MCL 500.3114(2); MSA 24.13114(2) would, in those situations, authorize double recovery where not otherwise available.

[2] At the hearing, the trial court first confirmed that no jury demand had been entered and then stated:

"Okay. The Court then having the power in this case to make findings of fact, will find that this is not any business. And I'll make a specific statement that, it wasn't the primary function of the driver to carry passengers for hirer *[sic]*, he's a student, as far as I can tell. And it is not the primary purpose of the vehicle to carry passengers for hirer *[sic]*, it just happened that incidental to coming home, it was convenient to take on passengers, and I don't really blame him for trying to make a little extra money to cover the cost of gas, that's a long ride up the Upper Peninsula. And so the entry of a judgment in favor of MEEMIC is granted in both cases."

mary judgment under GCR 1963, 117.2(3), and on that basis we affirm.

The issue here is one of priority of coverage among no-fault insurers and not one of coverage. The primary goal of the Legislature in enacting the Michigan no-fault act, MCL 500.3101 *et seq.;* MSA 24.13101 *et seq.,* was to ensure prompt and adequate compensation to parties injured in automobile accidents by requiring them to first look to their own insurers. *Shavers v Attorney General,* 402 Mich 554, 578-579; 267 NW2d 72 (1978); *Nash v DAIIE,* 120 Mich App 568, 571-572; 327 NW2d 521 (1982), *lv den* 417 Mich 1088 (1983). Thus, an injured person is generally required to seek compensation from his own no-fault insurer even where that person's insured vehicle is not involved in the accident. *State Farm Mutual Automobile Ins Co v Sentry Ins,* 91 Mich App 109, 114; 283 NW2d 661 (1979), *lv den* 407 Mich 911 (1979).

One exception to this general rule is provided under MCL 500.3114(2); MSA 24.13114(2):

"A person suffering accidental bodily injury while an operator or a passenger of a motor vehicle operated in the business of transporting passengers shall receive the personal protection insurance benefits to which the person is entitled from the insurer of the motor vehicle."

Plaintiffs rely upon this exception in arguing that coverage should be provided under the policy issued by MEEMIC.

We are not persuaded that the Legislature intended by its enactment of § 14(2) of the no-fault act to abandon the general rule of coverage where college students pay other college students for the privilege of carpooling home for school holidays. We agree with the trial court that under the

particular facts of these cases, plaintiffs were not passengers of "a motor vehicle operated in the business of transporting passengers". We thus affirm the judgment of the trial court.

Affirmed.