PUGH v ZEFI

Docket No. 299034. Submitted October 12, 2011, at Detroit. Decided
     October 20, 2011, at 9:05 a.m.

   Johnetta Pugh brought an action in the Oakland Circuit Court
     against Fran Zefi and Farmers Insurance Exchange, seeking to
     recover underinsured-motorist benefits from Farmers. Pugh had
     suffered injuries in a car accident while a passenger in a car owned
     by a third party and insured by Farmers. The underinsured-
     motorist provision of the policy excluded coverage for bodily
     injuries sustained by a person while occupying the car when it was
     being used to carry persons or property for a charge; the exclusion
     did not apply to shared-expense carpools, however. The owner of
     the car drove Pugh and a colleague to work in exchange for a
     weekly payment of $20. The owner of the car maintained that the
     arrangement was a carpool and that the money had been used to
     help pay for gas. Pugh did not have a driver's license and did not
     take a turn driving the group to work. Farmers moved for partial
     summary disposition, arguing that because Pugh had hired the
     car's owner to drive her around, the carry-for-charge exclusion in
     the policy barred Pugh's recovery of underinsured-motorist ben-
     efits. The court, Daniel Patrick O'Brien, J., denied Farmer's
     motion, concluding that the driving arrangement could fit the
     definition of a carpool. Farmers appealed.

          The Court of Appeals *held*:

          For purposes of interpreting the term when not defined by the
     insurance policy, the phrases "shared-expense carpool" and "carpool"
     are defined as requiring only that the associated driving costs be
     shared, not cars. There is no need for members of the carpool to know
     each other socially and no requirement that the members of the
     carpool work at the same exact location. Because Pugh's weekly
     payment was used by the car's owner to help defray the cost of
     gasoline, and not to generate a profit, Pugh was not being carried for
     a charge within the meaning of the policy's exclusion. The exclusion
     for bodily injury sustained while carrying persons or property for a
     charge had accordingly not applied, and the trial court properly
     denied Farmers' motion for partial summary disposition.

          Affirmed.

INSURANCE — UNDERINSURED-MOTORIST BENEFITS — EXCLUSIONS — SHARED-EXPENSE CARPOOLS.

For purposes of interpreting the term when not defined by the automobile insurance policy, the phrases "carpool" or "shared-expense carpool" describe an arrangement wherein the associated driving costs are shared, but not necessarily the cars; there is no need for members of the carpool to know each other socially and no requirement that the members of the carpool work at the same exact location.

*Liss & Shapero* (by *Anthony D. Shapero* and *Scott M. Mitnick*) for Johnetta Pugh.

*Cory & Associates* (by *Andrew R. Biscoglia*) for Farmers Insurance Exchange.

Before: OWENS, P.J., and JANSEN and O'CONNELL, JJ.

PER CURIAM. Defendant Farmers Insurance Exchange (defendant) appeals by right, challenging the circuit court's denial of its motion for partial summary disposition on the issue of underinsured-motorist coverage.[1] We affirm.

Defendant insures a vehicle owned by Orlander Meadows, Jr., which was involved in an accident while

---

[1] Plaintiff argues that this Court lacks jurisdiction over the present appeal because the parties "have stipulated to place this matter into binding arbitration." We agree with plaintiff's assertion that the parties stipulated that the underinsured motorist claim "will be placed into Binding Arbitration." But plaintiff fails to mention that the parties' stipulation also provided that "[t]his does not preclude [defendant] from pursuing its appellate rights." As plaintiff acknowledges in her brief on appeal, the circuit court's order of dismissal, from which defendant has appealed, was a final order appealable by right. Moreover, as noted, the stipulation specifically reserved defendant's right to appeal on the issue of underinsured-motorist coverage. Pursuant to MCR 7.203(A)(1), this Court has jurisdiction over an appeal of right filed by an aggrieved party from a final order of the circuit court. Defendant was clearly aggrieved by the circuit court's denial of its partial motion for summary disposition, and plaintiff's jurisdictional challenge is therefore without merit.

plaintiff was a passenger. Plaintiff suffered injuries and sought underinsured-motorist benefits from defendant. The underinsured-motorist provision of the insurance policy included an exception providing: "This coverage does not apply to **bodily injury** sustained by a person . . . [w]**hile occupying your insured car** when used to carry persons or property for a charge. This exclusion does not apply to shared-expense car pools."

Meadows drove plaintiff and a colleague to work in his vehicle, in exchange for which plaintiff gave Meadows approximately $20 a week. Meadows maintained that he was not hired and that he had never entered into a contract by which money would be exchanged for his driving services. Instead, Meadows maintained, he was involved in a carpool. Meadows argued that he never charged or billed plaintiff for his driving services, but that plaintiff would occasionally "chip in" money to help pay for gasoline. Meadows stated that any money he collected "was used primarily for gas and was not earned income." Plaintiff had no driver's license and thus never took turns driving.

Defendant argued before the circuit court that plaintiff had "hired . . . Meadows . . . to drive her around" and that she was accordingly not entitled to underinsured-motorist benefits. Defendant maintained that this was unequivocally a "carry for charge situation," and not a carpool situation. The circuit court ruled that the arrangement could fit into the definition of a carpool and therefore denied defendant's motion for partial summary disposition.

We review de novo the circuit court's grant or denial of a motion for summary disposition. *Woodman v Kera LLC*, 486 Mich 228, 236; 785 NW2d 1 (2010). Summary disposition is appropriate under MCR 2.116(C)(10) if there is no genuine issue of material fact except as to

the amount of damages and the moving party is entitled to full or partial judgment as a matter of law. The court must consider the pleadings, affidavits, depositions, admissions, and other evidence in a light most favorable to the nonmoving party. *Radtke v Everett*, 442 Mich 368, 374; 501 NW2d 155 (1993).

Viewing the documentary evidence in a light most favorable to plaintiff, the circuit court correctly concluded that the arrangement at issue in this case qualified as a "shared-expense car pool[]" within the meaning of the insurance policy.

Preliminarily, we note that this case involves the interpretation of Meadows's insurance policy only. It does not concern the no-fault act because underinsured-motorist coverage is optional and thus solely contractual. *Rory v Continental Ins Co*, 473 Mich 457, 465-466; 703 NW2d 23 (2005). Insurance contracts are interpreted like any other contract, and their construction and interpretation are questions of law for the court. *Farm Bureau Mut Ins Co v Buckallew*, 246 Mich App 607, 611; 633 NW2d 473 (2001). The court will read the contract as a whole and enforce the written terms according to their plain and ordinary meaning. *Id.* "Clear and specific exclusionary clauses must be given effect, but are strictly construed in favor of the insured." *McKusick v Travelers Indemnity Co*, 246 Mich App 329, 333; 632 NW2d 525, 528 (2001).

The insurance policy at issue in the present case does not define "car pools" or "shared-expense car pools." Therefore, it is appropriate to consult a dictionary to determine the ordinary or commonly used meaning of these terms. *Morinelli v Provident Life & Accident Ins Co*, 242 Mich App 255, 262; 617 NW2d 777 (2000).

The parties disagree concerning the definition of "car pool" and whether plaintiff was being "carr[ied] . . . for

a charge" in this case. Defendant argues that in order for a given arrangement to qualify as a "car pool," all the parties involved must take turns driving. Defendant further argues that plaintiff was being carried for a charge because she paid Meadows approximately $20 a week to drive her to work. In contrast, plaintiff argues that a given arrangement can qualify as a car pool even if the parties do not share driving responsibility. Plaintiff also contends that Meadows, plaintiff, and the other passenger in this case were merely "shar[ing] in the expenses." For the reasons that follow, we agree with plaintiff.

It is true that *Random House Webster's College Dictionary* (1997) defines a "carpool" as "an arrangement among automobile owners by which each in turn drives the others to and from a designated place." However, Ballentine's Law Dictionary (3d ed) clarifies that a "car pool" can also be "[a]n arrangement whereby two or more persons ride to work . . . on a share-the-expense agreement if only the car of one is used." Courts in other jurisdictions that have interpreted analogous insurance policy language have found no requirement that carpool participants take turns driving. For instance, in *Aetna Cas & Surety Co v Mevorah*, 149 Misc 2d 1011, 1013-1015; 566 NYS2d 842 (1991), the court considered a situation in which a driver regularly drove several individuals to work, always in the driver's own van. The *Mevorah* court explained that

> a fair and reasonable definition of the term 'share-the-expense' car pool extends to the situation herein, wherein [the driver] traveled to work on a daily basis and transported a small group of approximately eight regular riders, friends and nonfriends, over a period of time, charging them a sufficient amount to cover the expenses incurred

for gas, tolls, insurance and other expenses incident to their use of the van. [*Id*. at 1015.]

The court further noted that the driver "did not solicit the general public as passengers on her van, and her uncontroverted testimony indicated that her use of the van was not a profit-making or motivated enterprise." *Id*. at 1015-1016. Similarly, in *Gen Accident Ins Co of America v Gonzales*, 86 F3d 673, 674 (CA 7, 1996), the United States Court of Appeals for the Seventh Circuit considered an arrangement in which one man drove four of his coworkers to work each day, always in his own car, for a daily fee of $5 per passenger. The *Gonzales* court observed that even though the driver charged his passengers for the trip, this charge "did not exceed [the driver's] actual expenses" and was not even enough to "cover the expenses borne by [the driver]." *Id*. at 678-679. The *Gonzales* court ultimately concluded that the arrangement in question was "a 'share-the-expense car pool' type of arrangement" and "thus an exception to the policy exclusion against carrying persons for a fee." *Id*. at 679.

The passengers in *Mevorah* and *Gonzales* rode in the same driver's vehicle each day and did not take turns driving their own cars. Moreover, although the passengers in *Mevorah* and *Gonzales* paid a regular fee to the driver, both the *Mevorah* court and the *Gonzales* court ultimately concluded that the arrangement at issue qualified as a "share-the-expense car pool." *Mevorah*, 149 Misc 2d at 1016; *Gonzales*, 86 F3d at 679. Like the courts in *Mevorah* and *Gonzales*, we conclude that "shared-expense car pools" require only the sharing of costs—not the sharing of cars. We also conclude that, because plaintiff's weekly payment of $20 was used merely to help defray the cost of gasoline, and not to

generate a profit for Meadows, plaintiff was not being "carr[ied] . . . for a charge" within the meaning of the insurance policy.

Nor are we persuaded by defendant's argument that a different result is compelled by our Supreme Court's decision in *Burgess v Holder*, 362 Mich 53; 106 NW2d 379 (1960). The insurance policy at issue in *Burgess* contained an exclusion providing that " '[t]he company shall not be liable for any loss or claim arising while the automobile shall be rented or used for the transportation of passengers for a specific charge.' " *Id.* at 54-55. Turning back to the present case, the fact that plaintiff "chip[ped] in" the same amount of money each week to help defray the cost of gasoline does not in any way establish that Meadows charged plaintiff a fixed amount for his services, especially given Meadows's explicit testimony to the contrary. Indeed, as this Court has explained, "evidence of payment by a passenger to a driver, in and of itself, is not sufficient to characterize the passenger as a matter of law as a passenger for hire." *Perlmutter v Whitney*, 60 Mich App 268, 275; 230 NW2d 390 (1975).[2]

We also reject defendant's argument that a given arrangement does not qualify as a "car pool" unless the persons involved are "friends" or "coworkers." For example, the *Mevorah* court classified the arrangement at issue in that case as a carpool even though some of the passengers were the driver's "nonfriends." *Mevorah*, 149 Misc 2d at 1012, 1015. Despite defendant's assertion to the contrary, there is simply no requirement that members of a carpool know one another

---

[2] We further note that participants in a "share-the-expense" carpool need not share costs with absolute, mathematical certainty. Shared-expense carpools can encompass other, less formal arrangements. *Mevorah*, 149 Misc 2d at 1015.

socially. See *Dutcher v Rees*, 331 Mich 215, 219; 49 NW2d 146 (1951) (concluding that "[t]he fact that [the parties] had not met each other until the evening in question does not in itself make the tender of a ride a commercial transaction").[3]

Lastly, defendant takes issue with the fact that plaintiff and Meadows were not going to the same exact destination. Many carpool arrangements involve persons who work at different locations in the same city or general geographic area. While the general location is likely the same, the precise destination for each member of a carpool need not be identical. This argument lacks merit.

In sum, we conclude that plaintiff and Meadows were participants in a shared-expense carpool. Accordingly, the insurance policy's exclusion for "bodily injury sustained . . . [w]hile . . . carry[ing] persons or property for a charge" did not apply in this case. The circuit court properly denied defendant's motion for partial summary disposition with respect to the issue of underinsured-motorist coverage.

In light of this conclusion, we need not address the remaining arguments raised by the parties on appeal.

Affirmed. As the prevailing party, plaintiff may tax costs pursuant to MCR 7.219.

OWENS, P.J., and JANSEN and O'CONNELL, JJ., concurred.

---

[3] Although not specifically called upon to define the term carpool, this Court has previously characterized an arrangement in which two college students paid $25 for a ride home from a third student with whom they were "previously unacquainted" as a "carpooling" arrangement. *Thomas v Tomczyk*, 142 Mich App 237, 239, 241; 369 NW2d 219 (1985).